## Elizabeth Pooler, Appellant, v. Pliny C. Southwick, Appellee.

### Gen. No. 6,025.   (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. Joe A. Davis, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 14, 1916.

### Statement of the Case.

Action by Elizabeth Pooler, plaintiff, against Pliny C. Southwick, defendant, to recover damages for personal injuries. From a judgment for defendant, plaintiff appeals.

In June or July, 1904, the plaintiff, Elizabeth Pooler, was riding on a public highway with her niece in a horse-drawn carriage. The horse became frightened by an approaching automobile driven by the defendant, and plaintiff was thrown from the carriage and seriously injured. July 6, 1905, she began this action to recover for that injury and filed a declaration charging only common-law negligence in carelessly and negligently running and operating the automobile upon a public highway. On February 27, 1907, she filed two additional counts to the declaration, declaring upon the Act of 1903 to regulate speed of automobiles (Hurd's Rev. St. 1903, chap. 121, par. 269a). It was provided in that act in section 1 that an automobile should not be driven along any road or highway faster than fifteen miles per hour; in section 2, that when a horse driven upon the road became frightened by the approach of an automobile the driver should bring the machine to a full stop; and in section 4, that in an action for damages proof of the violation of either of those provisions should constitute negligence. She alleged in the first additional count a failure to bring the

automobile to a full stop when the horse began to get frightened, and in the second, the running of the car at a speed in excess of fifteen miles per hour, and otherwise indicated an intention to, in these counts, ground her right of recovery on that statute. The defendant pleaded the general issue to the original (or common-law) count. He demurred to each of the additional counts, which demurrer was overruled. He then pleaded the Two-Year Statute of Limitations to the additional counts on the theory that they each stated a new and different cause of action. A demurrer to this plea was sustained and he abided by the plea. A jury trial followed and resulted in a verdict and judgment for the defendant.

DUNCAN & O'CONOR and BUTTERS & CLARK, for appellant.

BROWNE & WILEY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1035*—*what is effect of failure to assign questions as error.* Rulings of the trial court, not assigned as error, will not be considered on appeal.

2. STATUTES, § 159*—*what was effect of repeal of Automobile Act of 1903.* A recovery may be had under the Automobile Act of 1903, in an action begun before its repeal, for an injury sustained while it was in force.

3. WITNESSES, § 278*—*when may be impeached.* When a witness, upon cross-examination, neither directly admits nor denies acts or declarations about which he is questioned, it is competent for the adversary to prove the affirmative.

4. INSTRUCTIONS, § 111*—*when may not ignore counts.* Ignoring valid counts of a declaration in instructions is reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.